**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AVOCET SHIPPING,LLC, | ) | |
| BITTERN SHIPPING LLC, | ) | |
| CANARY SHIPPING LLC, | ) | |
| CRANE SHIPPING LLC, | ) | |
| EGRET SHIPPING LLC, | ) | |
| FALCON SHIPPING LLC, | ) | |
| GREBE SHIPPING LLC, | ) | |
| IBIS SHIPPING LLC, | ) | |
| KINGFISHER SHIPPING LLC, | ) | 16-cv-6242 |
| MARTIN SHIPPING LLC, | ) | |
| NIGHTHAWK SHIPPING LLC, | ) | |
| SHRIKE SHIPPING LLC, | ) | |
| THRUSH SHIPPING LLC, | ) | |
| and WREN SHIPPING LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs | ) | |
| | ) | |
| NAVIG8 BULK POOL INC. | ) | |
| | ) | |
| Defendant. | ) | |

## <u>VERIFIED COMPLAINT</u>

Plaintiffs, AVOCET SHIPPING, LLC, BITTERN SHIPPING LLC, CANARY SHIPPING LLC,CRANE SHIPPING LLC, EGRET SHIPPING LLC, FALCON SHIPPING LLC, GREBE SHIPPING LLC, IBIS SHIPPING LLC, KINGFISHER SHIPPING LLC, MARTIN SHIPPING LLC, NIGHTHAWK SHIPPING LLC, SHRIKE SHIPPING LLC, THRUSH SHIPPING LLC, and WREN SHIPPING LLC (collectively referred to as "Plaintiffs"), by and through their attorneys, Belgrade and O'Donnell, P.C. and Tisdale Law Offices, LLC (*pro hac vice* pending), and for their Verified Complaint against the Defendant, Navig8 Bulk Pool, Inc. ("Defendant" or "Navig8"), allege, upon information and belief, as follows:

**JURISDICTION AND PARTIES**

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

2.     Venue is proper in this district because there is or will be during the pendency of this action property due and owing to the Defendant within this district and in the hands   of   a third party garnishee, as will be more fully discussed herein.

3.     This Verified Complaint is also brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, because it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and seeks to obtain security in aid of contemplated London maritime arbitration proceedings.

4.     The Defendant cannot be found within this Judicial District within the meaning of Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure.  *See* Affidavit of John A. O'Donnell, attached herein.

5.     At all material times to this action, Plaintiffs are foreign companies duly organized and operating under Marshall Islands law and are the Owners of the M/V AVOCET, M/V BITTERN, M/V CANARY, M/V CRANE, M/V EGRET, M/V FALCON, M/V GREBE, M/V IBIS, M/V KINGFISHER, M/V MARTIN, M/V NIGHTHAWK, M/V SHRIKE, M/V THRUSH, and M/V  WREN, respectively.

6.     At all material times to this action, Defendant Navig8 was and is a foreign corporation or other business entity organized and existing under Marshall Islands law.

**BREACH OF MARITIME CONTRACT**

7.     In or around 2013, Plaintiffs, as owners of the above identified Vessels, each entered into a "Pool" or "Pooling" Agreement with Defendant Navig8 (attached hereto as Exhibit

1 is a true and accurate copy of the Pool Agreement between Pyxis Shipping LLC and Navig8 Bulk Pool Inc.). All 14 Pool Agreements to which the Plaintiffs in this action are parties are identical in terms to Exhibit 1.

8.    Each Pool Agreement incorporates a separate time charter party for each specific Vessel included in the Pool Agreement

9.    A Pooling Agreement establishes an arrangement wherein a group of similar vessels are grouped together for administrative and financial purposes.

10.   In general terms, the Pool Agreements set forth the terms on which the Plaintiffs' Vessels participated in a pool of Supramax bulk carriers, managed by the Defendant.

11.   Each Pool Agreement sets forth the terms and conditions for working capital contributions and retention of funds among the Pool members.

12.   During the course of the Pool Agreement and performance under the respective incorporated charter parties, a dispute arose between Plaintiffs and the Defendant regarding the contribution and distribution clause of the Pool Agreements and how much money was due and owing Plaintiffs, which Defendant has failed to remit.

13.   Specifically, Defendant has breached these Pool Agreements by failing to reimburse the Plaintiffs in the total amount of $1,130,000, which sum has been duly demanded but not remitted to date.

14.   The Pool Agreements and incorporated Charter Parties are maritime contracts, the breaches of which give rise to maritime claims under federal maritime law.

15.   Each Pool Agreement is governed by English law and provides that all disputes arising under or in connection with the agreement shall be referred to arbitration in London, England.

16.     Each Charter Party incorporated in the Pool Agreement is also governed by English law and requires arbitration in London of all disputes arising thereunder.

17.     Plaintiffs are preparing to commence arbitration in accordance with the Pool Agreements and the Charter Parties shortly regarding the dispute as to the terms and conditions related to distribution of funds under the Pool Agreements.

18.     Upon information and belief, Defendant Navig8 is experiencing financial difficulties.

**MARITIME ATTACHMENT**

19.     Plaintiffs repeat and re-allege Paragraphs 1-18 above as if set forth fully herein.

20.     Upon information and belief, Garnishee Archer Daniels Midland Company ("ADM") and Defendant Navig8 are parties to an agreement whereby a vessel was chartered to ADM for a single charter trip for a specified period of time.

21.     The vessel is currently at her next port of call and has likely been re-delivered.

22.     Upon information and belief, Garnishee ADM currently owes funds to Defendant Navig8 pursuant to that charter party in the form of demurrage, freight balances and other funds.

23.     Although the vessel appears to have been re-delivered to Defendant Navig8 by ADM, it is believed that ADM still owes funds to Navig8.

24.     Since the vessel has been re-delivered and the funds may be sent to Defendant at any time, time is of the essence.

25.     ADM is an Illinois registered company with a headquarters in Chicago, IL at 77 West Wacker Drive, Suite 4600, Chicago, Illinois 60601.

26.     It is believed that property due and owing to Defendant Navig8 is now or may be during the pendency of this action located in the hands of Garnishee ADM within this Judicial District.

27.     Non-party Garnishee ADM is believed to be holding a presently unknown amount of funds due and owing to Defendant.

28.     As best as can now be estimated, Plaintiffs expect to recover the following amounts from Navig8 in the anticipated London Arbitration:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $1,130,000 |
| B. | Estimated interest on claims: | ` | $ 8,239.58 |
| | (4.5%, compounded quarterly) | | |
| D. | Estimated recoverable costs: (200,000 GBP) | | $283,700.00 |

**Total**: **US $1,421,939.58**

29.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District including but not limited to ADM, which are believed to be due and owing to the Defendant.

30.     The Plaintiffs seek an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendant

held by ADM or any garnishees within the District for the purpose of obtaining security for the imminent London Arbitration proceedings.

31.     Attached herein is the verification of Andrea Jansz who fully authorized to verify this Complaint and is General Counsel and Compliance Officer for Eagle Shipping International (USA) LLC, Commercial and Claims Managers of the Plaintiffs.

**WHEREFORE**, Plaintiffs pray:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Compliant, failing which default judgment be entered against it in the sum of **US $1,421,939.58.**

B.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **US $1,421,939.58** belonging to, due or being transferred to, from, or for the benefit of the Defendant Navig8 Bulk Pool Inc., including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of ADM or any banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint.

C.      That pursuant to 9 U.S.C. §§201 *et seq.,* this Court recognize and confirm any arbitration award or judgment in Plaintiffs' favor against the Defendant as a judgment of this Court;

D.      That this Court award Plaintiffs the attorneys' fees and costs incurred in this action; and

E.      That the Plaintiffs have such other, further and different relief as the Court deems just, proper and equitable.

**ATTORNEY FOR PLAINTIFFS,**

By: s/: John A. O'Donnell _____

John A. O'Donnell
**BELGRADE AND O'DONNELL, P.C.**
20 N. Wacker Drive - Suite 1900
Chicago, Illinois 60606
312-422-1700

**CERTIFICATE OF SERVICE**

John A. O'Donnell, one of the attorneys for the Plaintiffs', certifies that this document and attachments were electronically filed on this 15th day of June, 2016.

s/:John A. O'Donnell _____